IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-107-F

| | |
|---|---|
| JAMES L. REVETTE, JR., ) | |
| ) | |
| Plaintiff, ) | ORDER AND |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| SCOTT THOMAS, *District Attorney, Craven* ) | |
| *County, North Carolina*, LIONEL WALTER ) | |
| MILLS, *Civil Court Judge, Craven County,* ) | |
| *North Carolina*, ALFRED DECATUR WARD, ) | |
| JR., *Lawyer, Craven County, North Carolina*, ) | |
| and NANCY WARD HANF, *Secretary*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of Plaintiff James L. Revette, Jr.'s *pro se* application to proceed *in forma pauperis* and for frivolity review of the complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -4]. Plaintiff has demonstrated sufficient evidence of inability to pay the required court costs. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is allowed. Notwithstanding the grant of *in forma pauperis* status, for the reasons set forth below, it is recommended that the complaint be dismissed.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint is not entirely clear, but the crux of his complaint appears to be that his Constitutional rights under the Fourth and Eighth Amendments were violated when his request to exempt his ownership interest in his residence was denied, and he was removed from the residence,

---

[1] Plaintiff ("Plaintiff") filed a motion to proceed in forma pauperis and proposed complaint on June 13, 2014. [DE-1, -2]. The Clerk of Court notified Plaintiff that the proposed complaint did not comply with the Federal Rules of Civil Procedure regarding privacy protection of minor children and sealed the document. On June 27, 2014, Plaintiff filed a proposed amended redacted complaint, substituting the initials of his minor children in place of their names. [DE-4].

which was seized to satisfy a judgment against him for attorney's fees in connection with a domestic action in Craven County state court. [DE-2-1] at 9-10; [DE-4] at 1-3. Specifically, Plaintiff alleges (1) that Defendant Scott Thomas, the District Attorney for Craven County, denied Plaintiff's request to keep his residence, [DE-4] at 1-2; (2) that Defendant Walter Mills, a state court District Judge in Craven County, dismissed Plaintiff's grievances in court and had Plaintiff's residence seized at gunpoint, *id.* at 2-3; and (3) that Defendants Alfred Ward, an attorney, and Nancy Ward Hanf, his secretary, denied Plaintiff due process by counseling a client, who appears to be Plaintiff's former spouse, against signing a release in violation of Judge Karen Alexander's June 6, 2011 judgment/order, *id.* at 3.

## II. LEGAL STANDARDS

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(I-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis

2

in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v.*

3

*Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Plaintiff alleges that the Defendants violated his constitutional rights in various ways resulting in the seizure of his residence. Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by he Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a cause of action under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49-50 (1988). Construing Plaintiff's allegations in the light most favorable to him, and assuming Plaintiff has sufficiently asserted a constitutional deprivation, the complaint fails to state a claim under § 1983.

### A.     **Defendants Thomas and Mills**

Defendant Thomas allegedly failed to intervene at Plaintiff's request to stop the seizure of Plaintiff's residence. Compl. [DE-4] at 1-2. Even assuming Thomas, as district attorney, had any ability to intervene in the matter, it is within a prosecutor's discretion to decline to pursue a case. *See Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997) ("The doctrine of absolute

4

immunity squarely covers a prosecutor's decision to go forward with a prosecution.") (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *Rosenberg v. South Carolina*, No. CIV.A. 9:06-3203-MJP, 2008 WL 8648434, at *10 n.9 (D.S.C. Jan. 28, 2008) (finding "absolute immunity from suit applies when prosecutors are performing functions that require an exercise of their prosecutorial discretion, and encompasses a prosecutor's decision as to whether or not to go forward with a prosecution), *report and recommendation adopted*, 2011 WL 4055395 (D.S.C. Sept. 9, 2011). Accordingly, Defendant Thomas is entitled to absolute immunity.

Defendant Mills allegedly violated Plaintiff's rights by "ignoring and dismissing [Plaintiff's] redress of grievances in open court . . . and in having seized [Plaintiff's] house at gunpoint . . . ." Compl. [DE-4] at 2-3. Despite Plaintiff's conclusory allegation to the contrary, *id.* at 3, these alleged acts are judicial functions, because they occurred in court or as a result of a judicial ruling and, therefore, Defendant Mills is entitled to absolute immunity. *See Goldstein v. Moatz*, 364 F.3d 205, 212 (4th Cir. 2004) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (according absolute immunity to judges for judicial functions)). Absolute immunity is not simply a defense to liability, but "bars suit against 'officials whose special functions or constitutional status requires complete protection from suit . . . .'" *Id.* at 211 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)) (additional citations omitted). Accordingly, Defendant Mills is entitled to absolute immunity.

### B. The Ward Defendants

Plaintiff alleges that Defendant Alfred Ward advised his client not to sign a release in violation of a court order and that this contributed to the seizure of his property. Compl. [DE-4] at 5-6. Defendant Nancy Ward Hanf appears to be implicated solely by her position as Alfred Ward's secretary. *Id.* at 3. Plaintiff further appears to allege a conspiracy between Defendant Alfred Ward

5

and Defendant Mills based on the fact that Judge Mills approved one hundred percent of Ward's motions in Plaintiff's case. *Id.* at 7.

> Although § 1983 provides a remedy for violations of an individual's constitutional rights, it only does so when those violations occur as a result of state action. A person acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941). A § 1983 claim cannot be premised on purely private conduct, no matter how unlawful that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999).

*Wiggins v. 11 Kew Garden Court*, No. 12-1424, 497 F. App'x 262, 263 (4th Cir. 2012).

The Ward Defendants are not state actors and, thus, are not subject to liability under § 1983. The allegation regarding Alfred Ward counseling his client provides no basis to find state action on the part of either Alfred Ward or Nancy Ward Hanf. Further, although the Supreme Court has held that "[p]rivate parties who corruptly conspire with a judge in connection with [an official judicial act] are . . . acting under color of state law within the meaning of § 1983," *Dennis v. Sparks*, 449 U.S. 24, 29 (1980), the allegation that Judge Mills granted all of Ward's motions against Plaintiff are insufficient to plead an unconstitutional conspiracy. *See Wiggins*, 497 F. App'x at 263-64 (finding "allegations that Defendants resorted to the courts and won are insufficient to show a joint action with the judiciary" where the plaintiff "fails to make any factual contentions concerning any actual conduct by any of the judiciary Defendants aside from entering orders and making legal decisions") (citing *Dennis*, 449 U.S. at 28). "To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Wiggins*, 497 F. App'x at 264 (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d

6

Cir. 2010), cert. denied, ––– U.S. –––, 131 S. Ct. 1798, 179 L. Ed. 2d 655 (2011)). Here, Plaintiff has asserted no such facts. Accordingly, having alleged no facts from which to find the Ward Defendants were state actors, the claims against the Ward Defendants should be dismissed for failure to state a claim.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion to proceed *in forma pauperis* is ALLOWED and it is RECOMMENDED that Plaintiff's complaint [DE-4] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 18 day of July 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge